UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JAMES MACDOWELL BOONE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:10-CV-361 |
| ) | (SHIRLEY) |
| ) | |
| GREGORY H. BLAKE, M.D., ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

This case comes before the undersigned pursuant to 28 U.S.C. § 636(b) and the Rules of this Court for consideration of Plaintiff's Motion and Application To Proceed *In Forma Pauperis*, which has been filed in the above case. The undersigned files this Report and Recommendation for the District Judge to whom this case is assigned. For the reasons more fully stated below, the Court finds that the Plaintiff should be allowed to file his Complaint without prepayment of costs, but the Court **RECOMMENDS** that the Complaint be **DISMISSED** for jurisdictional deficiencies and pursuant to 28 U.S.C. § 1915(e).

### I.   FILINGS AND ALLEGATIONS

The Plaintiff has filed a motions to proceed *in forma pauperis*, with the required application detailing his financial condition. The application demonstrates that the Plaintiff has little income and few assets.

On February 19, 2010, the Plaintiff filed a complaint against the Defendant Gregory H. Blake, M.D, in Case No. 3:10-CV-61. In this previous suit, the Plaintiff alleged that Dr. Blake attempted to murder the Plaintiff and sought one million dollar from Dr. Gregory and the University

of Tennessee Graduate School of Medicine. The check the Plaintiff used to pay the filing fee in Case No. 3:10-CV-61 was returned due to account closure, and on April 30, 2010, the Court dismissed that case explaining, "Because Plaintiff has not paid the filing fee, and because he has not responded to multiple requests to do so, this case is **DISMISSED**." [Doc. 11 in Case No. 3:10-CV-61, Collier, J.].

Plaintiff has now filed a complaint in the above captioned case, which alleges that Dr. Blake attempted to murder the Plaintiff on August 20, 2009. The Plaintiff once again prays for one million dollars in compensation.

## II.    ANALYSIS

### A.    Jurisdiction

Federal courts are courts of limited jurisdiction. Congress has conferred upon this Court, and other federal courts, the jurisdiction to hear only two types of civil cases: those arising under the United States Constitution and the laws and treaties of the United States, see 28 U.S.C. § 1331, and those cases in which the amount in controversy exceeds $75,000.00 and the parties are diverse, see 28 U.S.C. § 1332.

The Plaintiff has not alleged a cause of action arising out of the Constitution, laws, or treaties of the United States, and though he claims damages of one million dollars, any argument in support of diversity jurisdiction is defeated by the fact that the Plaintiff and Defendant reside in Tennessee.[1]

Thus, the Court finds the Plaintiff has failed to demonstrate any grounds for federal jurisdiction in this case.

---

[1] The Plaintiff claims that he is "domiciled in the State of Louisiana." However, the Plaintiff's filings indicate that he has resided in Knoxville, Tennessee, for approximately the last five years, at least since Hurricane Katrina devastated the Gulf Coast.

**B.      Indigency and Failure to State a Claim**

In addition to federal jurisdiction standards, applications to proceed *in forma pauperis* are governed by 28 U.S.C. § 1915. The purpose of 28 U.S.C. § 1915 is to ensure that indigent litigants have meaningful access to the courts. Adkins v. W.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948); Neitzke v. Williams, 490 U.S. 319, 324, 109 S.Ct. 1827 (1989). To accomplish this ends, a court must evaluate the litigant's indigence, but notwithstanding indigence, a court may *sua sponte* dismiss a matter under 28 U.S.C. § 1915 if the litigation is frivolous and malicious or fails to state a claim upon which relief can be granted.

The Court will address the indigence and merits components of 28 U.S.C. § 1915 in turn.

**1.      Indigence**

Section 1915 allows a litigant to commence a civil or criminal action in federal court without paying the administrative costs of the lawsuit. Denton v. Hernandez, 504 U.S. 25 (1992). The court's review of an *in forma pauperis* application is normally based solely on the affidavit of indigence. See Gibson v. R.G. Smith Co., 915 F.2d 260, 262-63 (6th Cir. 1990). The threshold requirement which must be met in order to proceed *in forma pauperis* is that the petitioner show, by affidavit, the inability to pay court fees and costs. 28 U.S.C. § 1915(a). However, one need not be absolutely destitute to enjoy the benefit of proceeding *in forma pauperis*. Adkins, 335 U.S. at 342. An affidavit to proceed *in forma pauperis* is sufficient if it states that the petitioner cannot because of poverty, afford to pay for the costs of litigation and still pay for the necessities of life. Id. at 339.

In the present case, the Plaintiff's Application to Proceed Without Prepayment of Fees and Plaintiff's economic status has been considered in making the decision of whether to grant leave to

proceed *in forma pauperis*, and it appears that Plaintiff's application sets forth grounds for so proceeding. The Motion for Leave to Proceed *In Forma Pauperis* and Application to Proceed Without Prepayment of Fees are, therefore, **GRANTED**.

The Clerk is **DIRECTED** to file the complaint in this case without prepayment of costs or fees. See Gibson, 915 F.2d at 262-63. **The Clerk SHALL NOT issue process, however, at this time.**

**2.     Merits**

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), the district court may dismiss a complaint as frivolous or if it fails to state a claim upon which relief can be granted. See Neitzke, 490 U.S. 319.[2]

*a.     Failure to State a Claim Upon Which Relief Can Be Granted*

As the Court previously noted, though the Court has construed the pleadings liberally, the Court has found that there is no allegation of federal jurisdiction contained therein. Moreover, the substance of the Plaintiff's allegations do not constitute a cognizable claim. The Plaintiff has identified no breach of the standard of care or other grounds upon which to base any allegation of professional malpractice. Accordingly, the Court recommends that the Plaintiff's action should be dismissed for failure to state a claim, under 28 U.S.C. § 1915(e)(2)(B)(ii).

*b.     Frivolousness and Maliciousness*

Though the Court has not based its decision upon this suit's frivolousness, the Court notes that the case now before it reiterates what appear to be the same claims against Dr. Blake as were

---

[2]Plaintiff herein is not a prisoner. However, 28 U.S.C. § 1915, despite its references to prisoners, is not limited to prisoner suits. United States v. Floyd, 105 F.3d 274 (6th Cir. 1997) and Powell v. Hoover, 956 F. Supp. 564 (M.D. Pa.) (1997).

4

alleged in Case No. 3:10-CV-61. Repeatedly filing suits against a person or entity may become unacceptable harassment. As the Court of Appeals for the Sixth Circuit has explained, "Under [28 U.S.C. § 1915], a complaint that merely repeats previously litigated claims may be considered abusive." May v. Challenger Comm. Sys., Inc., 875 F.2d 865 (6th Cir. 1989) (citing Crisafi v. Holland, 655 F.2d 1305, 1309 (D.C. Cir. 1981)). This relitigation may contribute to a finding of frivolousness under 28 U.S.C. § 1915(e)(2)(B)(I), in the future.

## III. CONCLUSION

In sum, the Court finds the Plaintiff's motion and application to proceed *in forma pauperis* to be well-taken, and the Clerk is **DIRECTED** to file the complaints in these cases without prepayment of costs or fees. No process shall issue, however, until the District Judge has ruled upon this Report and Recommendation,[3] because it is **RECOMMENDED**[4] that the Complaint be **DISMISSED** due to its jurisdictional deficiencies and under 28 U.S.C. § 1915(e) for failure to state a federal claim upon which relief can be granted.

                                        Respectfully submitted,

                                          s/ C. Clifford Shirley, Jr.
                                        United States Magistrate Judge

---

[3] This matter is to be presented to a District Judge pursuant to this Report and Recommendation under the authority of Gibson v. R.G. Smith Co., 195 F.2d at 263, wherein the court states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed *in forma pauperis*.

[4] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).