UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JAMES MACDOWELL BOONE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> GREGORY H. BLAKE, M.D., ) <br> ) <br> Defendant. ) | Case No. 3:10-CV-361 <br><br> Chief Judge Curtis L. Collier |

## **MEMORANDUM & ORDER**

On August 20, 2010, Plaintiff James MacDowell Boone ("Plaintiff") commenced this action and filed a motion for leave to proceed in forma pauperis (Court File No. 1). On August 24, 2010, United States Magistrate Judge C. Clifford Shirley, Jr. filed a report and recommendation ("R&R"), finding Plaintiff should be allowed to file his complaint without prepayment of cost, but recommending the Court dismiss the complaint for jurisdictional deficiencies and pursuant to 28 U.S.C. § 1915(e) (Court File No. 4). Plaintiff filed a timely objection to the R&R (Court File No. 5). For the following reasons, the Court accepts and adopts in part the magistrate judge's R&R (Court File No. 4) and dismisses the complaint.

**I.  Background**

Plaintiff filed a complaint alleging Defendant Gregory H. Blake, M.D. ("Defendant") attempted to murder Plaintiff on August 20, 2009 (Court File No. 2). Plaintiff has demonstrated he has little income and few assets. For this reason, his motion to proceed in forma pauperis is before this Court.

## II. Standard of Review

The Court must conduct a de novo review of those portions of the R&R to which objection is made and may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1). The Court has "broad discretion" in conducting a de novo determination and is not required to rehear any contested testimony. *United States v. Raddatz*, 447 U.S. 667, 674, 681 (1980). "Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on the magistrate's proposed findings and recommendations." *Id.* at 676.

## III. Discussion

Plaintiff objects to the finding in the R&R Plaintiff has failed to demonstrate grounds for federal jurisdiction in this case on the basis Plaintiff is domiciled in the state of Louisiana. Diversity of citizenship depends on a party's domicile, not the party's residence. In his complaint, Plaintiff alleges he is domiciled in the state of Louisiana even though he is a resident of Tennessee (Court File No. 2). Indeed, Plaintiff bears the initial burden of proving domicile. *Kaiser v. Loomis*, 391 F.2d 1007, 1010 (6th Cir. 1968). However, once domicile is established, Defendant bears the burden of proof to show Plaintiff's domicile has changed. *Id.*

The United States Court of Appeals for the Sixth Circuit has held "domicile [can be] an individual's permanent place of abode where he need not be physically present, [while] residence [can be] where the individual is physically present much of the time." *Eastman v. Univ. of Mich.*, 30 F.3d 670, 673 (6th Cir. 1994); *United States v. Namey*, 364 F.3d 843, 845 (6th Cir. 2004). Furthermore, "a person's previous domicile is not lost until a new one is acquired." *Von Dunser v.*

2

*Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990); *Kaiser*, 391 F.2d at 1010. To establish a new domicile, the Court must consider "residence in the [] domicile [] and the intention to remain there." *Von Dunser*, 915 F.2d at 1072; *Payne v. Long John Silver's, Inc.*, No. 1:04-CV-57, 2006 WL 897981, at *2 (E.D. Tenn. April 5, 2006). "Mere absence from a fixed home, however long or continued, cannot work the change" in domicile. *Mitchell v. United States*, 88 U.S. 350, 353 (1874).

In his complaint, Plaintiff has not alleged any intention to remain in the state of Tennessee although his filings demonstrate he has lived in Tennessee since Hurricane Katrina (*See* Court File No. 2-1). Nonetheless, this Court need not reach the decision whether there is sufficient evidence to determine Plaintiff's domicile since it agrees with the finding in the R&R the substance of Plaintiff's allegations do not constitute a cognizable claim (Court File No. 4).

**IV.  Conclusion**

Having reviewed the record and the applicable law, this Court hereby **ACCEPTS** and **ADOPTS IN PART** the R&R as it relates to Plaintiff's failure to state a claim (Court File No. 4), **DISMISSES** the complaint, and **DIRECTS** the Clerk of the Court to close the case.

**SO ORDERED.**

**ENTER:**

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**